UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

CASEY MICHAEL HOYLE

        Plaintiff,        6:13-cv-00220-TC

        v.        ORDER

DESCHUTES COUNTY, et al.,

        Defendants.

COFFIN, Magistrate Judge.

Plaintiff filed this action under 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights while he was an inmate in the Deschutes County Jail.

Defendants now move for summary judgment (#31). Plaintiff has been advised the federal summary judgment standards (#36). However, plaintiff has not filed a response to defendants' motion for summary judgment.

Therefore, the facts set forth in defendants' Memorandum (#32) and supporting declarations (#33), (#34) and (#35), are undisputed.

1 - ORDER

Plaintiff alleges in Claim I that defendants violated his rights under the 14th and 8th Amendments by failing to provide him with proper medical treatment. Specifically, plaintiff alleges that defendants failed to properly manage or treat his diabetes related medical needs and failed to provide him with appropriate medical care. In Claim II 2 plaintiff alleges that defendants retaliated against him for attempting to exercise his First Amendment rights to seek redress of grievances and his right to receive medical care.

Defendants argue that plaintiff did not exhaust administrative remedies with respect to his claims ars required by the Prison Litigation Reform Act.

The Prison Litigation Reform Act requires that prisoners exhaust available administrative remedies before bringing a federal action concerning prison conditions. <u>Griffin v. Arpaio</u>, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing 42 U.S.C. § 1997e(a)). Inmates are required to exhaust *all* grievance remedies before filing a Section 1983 action, including appealing the grievance decision to the highest level within the grievance system. <u>Wyatt v. Terhune</u>, 315 F.3d 1108 (9th Cir. 2003); <u>Bennett v. King</u>, 293 F.3d 1096, 1098 (9th Cir. 2002); <u>McKinney v. Carey</u>, 311 F.3d 1198 (9th Cir. 2002). Moreover, "the PLRA exhaustion requirement requires proper exhaustion." <u>Woodford v. Ngo</u>, 548 U.S. 81, 93 (2006). This

2 - ORDER

means that a prisoner must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009)(quoting *Woodford*, 548 U.S. at 88).

It is uncontradicted in the record before the court that although plaintiff filed grievances alleging that jail medical staff treated him with disrespect and would not work with him to address his medical needs related to his blood sugar, he did not appeal the response to that grievance. It is also uncontradicted that plaintiff did not file any grievance concerning his dental needs and did not file any grievance concerning retaliation for the exercise of his rights.

Thus, although plaintiff filed a grievance concerning one of his claims in this case, he did not complete the appeal process as to that grievance, and did not file a grievance as to his remaining claims. Therefore, plaintiff did not properly exhaust available administrative remedies as to any of his claims.

"If the District Court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice." Wyatt v. Terhune, 315 F.3d at 1120. However, the time for filing grievances concerning plaintiff's claims or to file any appeals from the

3 - ORDER

denials of the grievances is long past. Therefore, it would be impossible for plaintiff to *properly* exhaust administrative remedies regarding the claims in this action.[1] *See*, Woodford, 548 U.S. at 93-95 (holding that "proper exhaustion" under § 1997e(a) cannot be satisfied by filing an untimely or otherwise procedurally defective administrative grievance or appeal).

Therefore, I find that defendants are entitled to judgment as a matter of law as to plaintiff's claims on the ground that plaintiff did not exhaust administrative remedies with respect to his claims.

Even if plaintiff did exhaust his administrative remedies, I find that defendants are entitled to judgment as a matte of law on the merits of plaintiff's claims.

In Claim I plaintiff alleges that defendants' alleged conduct violated his rights under the Eighth Amendment. However, at all times relevant to plaintiff's complaint, he was a pre-trial detainee. Therefore, his claim of denial of medical care is properly analyzed under the Fourteenth Amendment. *See*, Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996). However, the applicable standards are essentially the same under either the Eighth or Fourteenth Amendments. *Id*.

---

[1]The record indicates that plaintiff is no longer incarcerated.

4 - ORDER

In order to prevail on a 42 U.S.C. § 1983 claim that medical treatment has been denied or inadequately rendered, a prisoner must establish that there has been a "deliberate indifference to [his] serious medical needs." Estell v. Gamble, 429 U.S. 97, 104 (1976); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000); see also, Clements v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002).

A determination of "deliberate indifference" requires an examination of two elements: 1.) The seriousness of the prisoner's medical needs, and 2.) The nature of the defendant's response. McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (overruled on other grounds by WMX Techs., Inc v. Miller, 104 F.3d 1133 (9th Cir. 1997). To find deliberate indifference, "[a] defendant must purposefully ignore or fail to respond to a petitioner's pain or possible medical need." Id. at 1060.

In this case the un-contradicted facts established by defendants show that jail medical staff responded appropriately to plaintiff's medical complaint and were not deliberately indifferent to his serious medical needs. In fact the record suggests that appropriate medical treatment was rendered despite plaintiff's apparent attempts to thwart that treatment and sabotage defendants' efforts to enable plaintiff to manage his diabetes. Although plaintiff may have

5 - ORDER

disagreed with medical staffs' course of treatment, a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment does not raise a claim under 42 U.S.C. § 1983. <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1058 (9th Cir. 2004).

I find that there are no genuine issues of fact as to plaintiff's claim that defendants violated his right to be free from cruel and unusual punishment and that defendants are entitled to judgment as a matter of law as to plaintiff's Claim I.

The elements of a First Amendment retaliation claim are as follows: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmates exercise of his First Amendment rights., and (5) the action did not reasonably advance a legitimate correctional goal. <u>Rhoads v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2004). The nature of a retaliation claim requires that it be "regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs" in a correctional institution.. <u>Adams v. Rice</u>, 40 F.3d 72, 74 (4th Cir. 1994). Courts "should 'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged

6 - ORDER

to be retalitory." Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995) (quoting Sandin v. Conner, 515 U.S. 472, 482 (1995).

In this case, defendants' un-contradicted facts indicate that plaintiff repeatedly failed to follow the advice of jail medical staff and attempted to artificially inflate his blood glucose levels. In order to control plaintiff's condition and minimize his ability to manipulate his blood sugar levels to his detriment, jail staff placed plaintiff in segregation on several occasions.

The record is clear that defendants' actions were for the legitimate penological goal of the management of an inmate's medical needs, and were not punitive or retaliatory.

Although the arguments appear to be well taken, it is not necessary to address defendant's *resondeat superior* and *Monell* argument or defendants' qualified immunity argument.

Based on all of the foregoing I find that there are no genuine issues of material fact remaining as to plaintiff's claims and that defendants are entitled to judgment as a matter of law. Defendants' Motion for Summary Judgment (#31) is allowed. The Clerk of the Court is directed to enter a judgment dismissing this proceeding with prejudice.

DATED this 62t day of February, 2014.

_____
Thomas M. Coffin

7 - ORDER